T. M. NOSLER, APPELLANT, v. M. P. HAYNES ET AL., RESPONDENTS.

G. advanced money to a mortgagor to take up a mortgage. The money was paid to the mortgagee, and some days thereafter he assigned the mortgage to the party who advanced the money. *Held*, that if this assignment was made in pursuance of a contract between G. and the mortgagor, it was a valid security for the money advanced. But if the assignment was made after the money had been paid to the mortgagee, and not in pursuance of a previous contract, the mortgage was extinguished and afforded no security to G.

This Court cannot reverse a judgment unless it affirmatively appear that error has been committed.

APPEAL from an order of the District Court of the Second Judicial District, Hon. S. H. WRIGHT presiding.

The facts are stated in the opinion.

*Will Campbell*, for Appellant.

*Robert M. Clarke*, for Respondents.

The judgment is in accordance with the stipulation of the parties, and under that stipulation there can be no decree for sale of mortgaged premises.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

This action was brought to foreclose a certain mortgage executed by the defendants to one F. A. Tritle, on the 23d day of August, A.D. 1862, and afterwards assigned and transferred to the plaintiff, who now claims to be the owner thereof. The complaint contains the usual allegations in actions of the kind—the execution and delivery of the note and mortgage ; the assignment to the plaintiff, and the failure on the part of the defendants to discharge the debt. The

defendants admit the execution and delivery of the note and mort-
gage, but as a defense to the plaintiff's right of foreclosure, they
rely on the following facts, which are presented to us in the findings
of the Court below :

On the 2d day of July, A.D. 1863, which was long after the note
and mortgage, here sued on, became due, one Abner Gentry loaned
the defendant, Moses P. Haynes, the sum of five hundred and fifty
dollars, for the purpose of paying and discharging the same ; that
two days thereafter the note and mortgage were assigned and trans-
ferred to Gentry by the attorney in fact of the mortgage ; and were
subsequently assigned by Gentry to the plaintiff Nosler, who now
claims that he is entitled to recover the sum of fourteen hundred
and twenty-five dollars, the amount due thereon.

The following stipulation entered into by the counsel of the re-
spective parties to this action, on the 2d day of May, A.D. 1865,
appears in the record :

" It is hereby stipulated and agreed, by and between the parties
in the above cause, that the judgment herein to be rendered shall
be rendered and entered for the sum of five hundred and fifty dol-
lars, in gold coin of the United States, bearing interest on said sum
at the rate of ten per cent. per annum, and costs of suit."

Judgment was rendered, in accordance with this stipulation, in
favor of the plaintiff, for the sum of five hundred and fifty dollars,
but the Court below refused to order a sale of the mortgaged prem-
ises to satisfy such judgment. From the refusal of the Court to
make such order, the plaintiff appeals. The record does not contain
the evidence adduced at the trial, and from the meagre synopsis of
the facts presented to us by the transcript, we find it impossible to
determine whether it was the understanding between Haynes and
Gentry that the mortgage should be assigned by Tritle to Gentry
as security for the five hundred and fifty dollars loaned, or whether
Gentry made the loan to Haynes with no such understanding or
agreement, and the note and mortgage were subsequently assigned
by the attorney of Tritle without authority from Haynes to do so.
If Gentry loaned the money to Haynes for the purpose of enabling
him to pay off and discharge the note and mortgage, and with no
understanding that they should be transferred to him as security for
his loan, the payment of the money to Tritle would extinguish the

note and mortgage, if they were in his possession, as it is admitted they were, and a subsequent assignment of them to Gentry, after maturity, and without the consent of Haynes, would give the assignee no right of action whatever, for he would take them subject to all the equities existing between the defendants and Tritle at the time of the assignment.

In this case, therefore, assuming the facts to be that the money was loaned to Haynes for the purpose of discharging the mortgage, and that there was no agreement on his part that it should be assigned to Gentry to secure his loan, the payment of the money to Tritle extinguished the mortgage, and the Court ruled correctly in refusing to order the premises sold to satisfy the claim of plaintiff. If, however, there was an agreement between Haynes and Gentry, at the time the loan was made, that the Tritle mortgage should be assigned to Gentry as security for his loan, the assignment was properly made, and he, or his assignee, would have the right to have the mortgaged premises sold to satisfy his claim against Haynes.

Whether any such agreement or undertaking, in fact, existed, it is impossible to determine from the record presented to us. The Court finds:

"That on the 2d day of July, 1863, Abner Gentry loaned to the defendant Haynes the sum of five hundred and fifty dollars, for the purpose of liquidating and extinguishing the note and mortgage held by Tritle; and that subsequently, and long after their maturity, Gentry obtained an assignment of them to secure the repayment of the money loaned by him to Haynes."

From this finding, it would appear that the note and mortgage were not assigned to Gentry until after they had been discharged and paid by Haynes; the record, therefore, as it is presented to us, shows no error on the part of the Court below in refusing to order the mortgaged premises sold to satisfy the plaintiff's claim; hence, it becomes our duty to affirm the judgment, for the presumption is always in favor of the regularity of the proceedings of Courts of Record. To entitle him to a reversal of the judgment, the appellant should always affirmatively show error. (*Rabe* v. *Wells*, 3 Cal. 151.) This has not been done.

The judgment must be affirmed.

OPINION UPON RE-HEARING.

Per LEWIS, C. J.—The answer *admits* the assignment of the mortgage to Gentry
as security for the money advanced. This admission must prevail over the
findings of the Court to the contrary.

A stipulation as to *amount* of judgment does not preclude the Court from entering
the necessary decree to enforce the payment by sale of mortgaged property.

Per BEATTY, J.—The complaint avers the mortgage was *not* paid, and that it was
regularly assigned. The answer denies neither of these allegations, and sets
up no legal defense. On such pleadings, the plaintiff is entitled to his decree,
although it seems from the facts found, the defendant had a perfect defense
against the mortgage claim, which, however, he utterly failed to set up.

Although defendant had a good defense to this action, he owed the same amount of
money which could have been recovered in another form of action. Having
failed to make the proper defense, there is no hardship in compelling him to
pay the money which he owes.

Opinion by LEWIS, C. J.

In our former opinion in this case we affirmed the judgment of
the Court below, because we discovered no evidence in the record
to show that there was any agreement or understanding between
Haynes and Gentry that the mortgage held by Tritle should be as-
signed as security for the money loaned by Gentry to discharge it,
and upon the finding by the Court, from which it was inferrable
that there was no such agreement. But upon the re-hearing, our
attention is called to the fact that the defendant, by his answer, ad-
mits that the mortgage was in fact assigned to Gentry, the plaintiff's
assignor, for the purpose of securing to him the repayment of the
money loaned by him. This fact escaped our attention upon the
original examination of the case, but since our attention is called to
it, we observe that the admission of the assignment is full and com-
plete, and therefore the plaintiff is entitled to a sale of the mort-
gaged premises to satisfy his judgment. The stipulation between
the parties that judgment might be entered for a certain sum of
money is no waiver of the right to foreclose the mortgage. The
stipulation, as we look upon it, is merely a settlement of the amount
which was legally due the plaintiff, and not a waiver of his right to
a decree of foreclosure. Neither would the finding of fact by the
Court below prevail against the admission of the answer. The find-
ings of fact are subordinate to the admissions of the parties litigant

in their pleadings.   The Court below will therefore order a sale of the mortgaged premises, to satisfy the judgment rendered in favor of the plaintiff.

Opinion by BEATTY, J.

I concur in the present opinion, because the complaint alleges that the note and mortgage were not paid when the suit was brought, and that nothing had been paid thereon, except the certain sums credited on the back of the note.   It also alleges a regular assignment of the note and mortgage to plaintiff.

The answer admits the execution and assignment of note and mortgage, and does not allege that the note was paid or discharged before assignment.   The answer does not pretend to set up any defense to the entire note, but simply attempts to show that the judgment should not exceed $550.   Defendants have no right to complain that judgment has gone against them and their property for that which they, at least, indirectly admit to be due and a lien on the premises mortgaged.   At the same time, it would appear from the findings of facts that the defendants had a good legal defense to the entire note and mortgage, if it had been properly set up.   If the facts are as they seem to be shown by the findings, plaintiff's assignor had a good cause of action for money loaned to defendants, but none on the note and mortgage.   No injustice or wrong, however, is done the defendants by ordering the sale of the property. They are only made to pay what they owe.   There is certainly no moral wrong done in making the property responsible under the peculiar circumstances of this case.   The money was advanced without interest to remove a much heavier and more burdensome incumbrance from the property.

If there was any legal objection to this sale, the defendant has failed to set it up, and cannot complain.